IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ANDREA C. WEATHERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV1059 |
| | ) | |
| UNIVERSITY OF NORTH CAROLINA | ) | |
| AT CHAPEL HILL, HERBERT B. | ) | |
| PETERSON, in his individual | ) | |
| and official capacity, | ) | |
| JONATHAN KOTCH, in his | ) | |
| individual and official | ) | |
| capacity, BARBARA K. RIMER, | ) | |
| in her individual and official | ) | |
| capacity, EDWARD M. FOSTER, in | ) | |
| his individual and official | ) | |
| capacity, and SANDRA L. | ) | |
| MARTIN, in her individual and | ) | |
| Official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Andrea C. Weathers proceeding pro se, has filed a motion requesting that this court recuse from this case (Doc. 6). The brief accompanying the motion (Doc. 7) contends that recusal is required pursuant to 28 U.S.C. § 455(a). Plaintiff argues that recusal is required because of this court's

> documented long-standing historical and recent ongoing
> connections and collaborations with the University of

>     North Carolina at Chapel Hill -- a Defendant in this
>     case. . . . These connections and collaborations
>     include, but may not be limited to:  1) Judge Osteen,
>     Jr.'s receipt of a Bachelor's degree from the UNC-CH
>     (1983) [Exhibit A], 2) his receipt of a Juris
>     Doctorate from the UNC-CH School of Law (1987)
>     [Exhibit A], 3) his study in the UNC-CH School of
>     Public Health (self-admitted on court record in 2008),
>     4) his specific individual listing by name by the
>     UNC-CH Law School as a *Public Interest and Government
>     Employer for Carolina Law Classes* 2011-2012 [Exhibit
>     B], and 5) his support of a steady stream of UNC-CH
>     law school graduates as law clerks.

(Doc. 7 at 5.)  Plaintiff also alleges that this court has "first-degree family ties to the University of North Carolina at Chapel Hill that are inter-generational, long-standing, high profile, and influential."  (Id.)  Ultimately, Plaintiff concludes that the "demonstrated allegiance calls into question [this court's] ability to proceed impartially in this particular proceeding."  (Id. at 6.)

**Analysis**

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  Disqualification is required if a reasonable factual basis exists for doubting the judges impartiality.  Rice v. McKenzie, 581 F.2d 1114, 1116 (4th Cir. 1978).  Furthermore, a judge must disqualify himself "[w]here he has a personal bias . . . concerning a party . . ."  28 U.S.C.

- 2 -

§ 455(b)(1). However, "judicial rulings alone almost never constitute valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994).

Regardless of whether a party files a motion requesting recusal, this court is required to conduct its own individual determination of whether there exist facts which require recusal. Prior to the filing of Plaintiff's motion to recuse, this court had independently reviewed the prior related case and did not find any facts or bias which would require recusal. The undersigned advised counsel and the parties in the prior related case that the undersigned is a graduate of the UNC-School of Public Health. This court also noted at that time that it did not find recusal was required nor did the parties request recusal.

As a factual matter, Plaintiff has accurately summarized this court's educational background. This court graduated from UNC-Chapel Hill School of Public Health in 1983 and from the School of Law in 1987. However, this court holds no formal position, or any position for which he receives compensation, with the University. On occasion, this court has spoken to classes at the University.

This court is not certain what constitutes a "steady stream of UNC-CH law school graduates as law clerks." (Doc. 7 at 5.) However, as appointing officer, the undersigned has hired as law clerks or interns a number of individual students or graduates from the UNC-CH School of Law.

Plaintiff describes a "listing by name by the UNC-CH Law School as a *Public Interest and Government Employer for Carolina Law Classes* 2011-2012" with which this court is not familiar. However, the undersigned assumes that Plaintiff's allegation is accurate, as this court did hire a law clerk from the class of 2012 at UNC-CH School of Law.

For the following reasons, this court finds that none of Plaintiff's allegations require recusal.

As an initial matter, Plaintiff acknowledges that this court disclosed its graduation from the UNC-CH School of Public Health during a proceeding in the prior related case. Neither party objected to this court's continued participation in this case. While a prior failure to object does not preclude the present motion, it does raise some concern of whether Plaintiff's current motion is the product of a genuine question as to this court's impartiality and, further, whether Plaintiff's motion is timely in light of the fact it is made

- 4 -

after a prior judgment which Plaintiff now seeks to set aside. Nevertheless, this court will proceed to address Plaintiff's motion on the merits.

Plaintiff cites <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847 (1988), in support of her argument that recusal is required on these facts. The facts of that case are complex but readily distinguishable from this case. In summary, the trial judge in <u>Liljeberg</u> served on the Board of Trustees of Loyola University while the plaintiff was negotiating a contract with the University. As a result of the contract, the University had an active financial interest in the outcome of the litigation in which the plaintiff was appearing before the trial judge. Following a bench trial, the trial judge ruled in favor of the plaintiff. The Supreme Court recognized that "both the District Court and the Court of Appeals found an ample basis in the record for concluding that an objective observer would have questioned Judge Collins' impartiality. Accordingly, even though his failure to disqualify himself was the product of a temporary lapse of memory, it was nevertheless a plain violation of the terms of the statute." <u>Id.</u> at 861.

<u>Liljeberg</u> is readily distinguishable from the facts in this case. Unlike the trial court in <u>Liljeberg</u>, this court does not

hold the position of trustee, or anything comparable, with UNC-Chapel Hill.  This court does not have a personal or fiduciary financial interest in UNC-Chapel Hill or any of its various undergraduate or graduate schools.

Plaintiff's motion relies primarily upon a conclusion that recusal is required because of personal sentiment or amicable feelings.  Courts to consider this issue have consistently held such possible sentiments are insufficient to require recusal.

In Brody v. President & Fellows of Harvard College, 664 F.2d 10 (1st Cir. 1981), cert. denied, 455 U.S. 1027 (1982), the plaintiff argued that the district judge, a Harvard College graduate, should have recused from hearing the plaintiff's age discrimination lawsuit.  The First Circuit held:

> The short answer to appellant's contentions is that a judge's having attended or graduated from a school, which is a party, without more, is not a reasonable basis for questioning his impartiality.  As the terms of section 455's additional explicitly mandated bases for recusal suggest, a reasonable suspicion of bias will usually arise only in the presence of such factors as a financial or strong personal interest in one of the litigants. . . .[W]e do not think it reasonable to doubt a judge's impartiality simply on the basis of his prior status as a student. The sentiment generated by such contact is not likely to be strong enough to create bias, any more than would a judge's ordinarily amicable feelings toward a wide range of community, charitable and other non-profit institutions which are regularly litigants.

Id. at 11 (internal citations omitted).

- 6 -

Similarly, in Lunde v. Helms, 29 F.3d 367 (8th Cir. 1994), cert. denied, 513 U.S. 1155 (1995), the Eighth Circuit held that

> We do not think that the district judge's having graduated from the university law school, even though the university is a party defendant, without more, is a reasonable basis for questioning the judge's impartiality.
>
> In addition, we do not think the district judge has any financial interest in these proceedings. We do not think that making alumni contributions or participating in university educational programs, without more, is a reasonable basis for questioning the judge's impartiality.

Id. at 370-71 (citations omitted).

In Sierra Club v. Simkins Indus., Inc., 847 F.2d 1109 (4th Cir. 1988), cert. denied, 491 U.S. 904 (1989), the district judge disclosed to the parties that he had previously been a member of the Sierra Club but had resigned thirteen years before the case was commenced. The Fourth Circuit, citing Brody, stated:

> We agree with the district court's holding that such prior association does not, in itself, form a reasonable basis for questioning a judge's impartiality. . . . litigants are entitled to a judge free of personal bias, but not to a judge without any personal history before appointment to the bench.

Id. at 1117 (internal citations omitted).

In Easley v. Univ. of Michigan Bd. of Regents, 906 F.2d 1143 (1990), cert. denied, 499 U.S. 947 (1991), the plaintiff

- 7 -

was "engaged in an ongoing effort to obtain, through litigation, a law degree and damages from The University of Michigan." The district judge's affiliations with The University of Michigan included alumnus of the Law School, volunteer fund raiser for the Law School Fund in 1964, member of the Committee of Visitors since 1981, and member of The University of Michigan Club of Detroit participating in athletics-related social events. The Sixth Circuit stated:

> [W]e now hold that Judge Feikens did not abuse his discretion in refusing to recuse himself from Easley's litigation with The University of Michigan, pursuant to Easley's 28 U.S.C. §§ 144 and 455 claims. Without more, the amicable feelings Judge Feikens undoubtedly has for his alma mater, The University of Michigan, fail to demonstrate a sufficient basis for his recusal.

Id. at 1147.

As true in each of the cases cited, this court has a personal history and people, places, and things for which it holds amicable or favorable personal sentiments. However, like all judges, this court holds most high its duty to fairly and impartially discharge its responsibilities. To the extent this court would not be able to fairly and impartially discharge its responsibilities, it would immediately recuse without request from the parties just as any other court would do. Such is not the case here. This court does not hold a personal bias

concerning either party. Recusal is therefore not required under 28 U.S.C. § 455(b)(1).

This court further finds that, in light of the great weight of authority, this court's educational history and current practices as described by Plaintiff do not require recusal under 28 U.S.C. § 455(a)[1].

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Recuse (Doc. 6) is **DENIED**.

This the 17th day of January, 2013.

                                       /s/ William L. Osteen, Jr.
                                       United States District Judge

---

[1] This court also declines to recuse as a result of the past activities of other family members. Those activities are insufficient to require recusal for the reasons noted herein. Furthermore, Plaintiff's description of "first-degree family ties" and "storied family linkage" relate to individuals that are not members of Plaintiff's immediate household and therefore, on the facts of this case, create no basis upon which this court should consider recusal.