IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANDREA C. WEATHERS,            )
                               )
          Plaintiff,           )
                               )
     v.                        )
                               )
UNIVERSITY OF NORTH CAROLINA   )
AT CHAPEL HILL; HERBERT B.     )
PETERSON, in his individual    )
and official capacity;         )     1:12cv1059
JONATHAN KOTCH, in             )
his individual and official    )
capacity; BARBARA K. RIMER, in )
her individual and official    )
capacity; EDWARD M. FOSTER, in )
his individual and official    )
capacity; and SANDRA L.        )
MARTIN, in her individual and  )
official capacity,             )
                               )
          Defendants.          )

## MEMORANDUM ORDER

THOMAS D. SCHROEDER, District Judge.

Before the court is a motion to amend judgment filed by Plaintiff Dr. Andrea C. Weathers. (Doc. 39.) Pursuant to Federal Rule of Civil Procedure 59(e), she seeks reconsideration of the court's Order dated September 30, 2013, which granted Defendants' motion to dismiss and dismissed Weathers' action. (Doc. 37 (opinion and order); Doc. 38 (judgment).) For the reasons set forth below, the motion will be denied.

I.  BACKGROUND

This action arises out of a prior lawsuit adjudicated in

this court. Weathers v. Univ. of N.C. at Chapel Hill, No. 1:08CV847, 2010 WL 4791809 (M.D.N.C. Nov. 18, 2010) (hereinafter "Weathers I"). In Weathers I, Weathers sued the University of North Carolina at Chapel Hill ("UNC") and several administrative heads and faculty members in UNC's School of Public Health (collectively, "Defendants"), alleging employment discrimination in violation of 42 U.S.C. § 1981 and § 1983, as well as Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. Id. at *1. Weathers, who is African-American, alleged that Defendants failed to promote her and award her tenure as a professor in the School of Public Health because of her race. Id. at *1-10. UNC denied her tenure in 2007; she filed her complaint in 2008. Id. at *10. Weathers I includes a detailed review of the facts in the light most favorable to Weathers. Id. at *1-10.

Because Weathers offered no direct evidence of discrimination, the court analyzed her claims under the McDonnell Douglas framework. Id. at *12 (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). The court found that Weathers failed to establish three of the four elements of a prima facie case of discrimination: She had established (1) membership in a protected group, but she had not established (2) that she applied for promotion and tenure, (3) that she was qualified for promotion and tenure, or (4) that she was rejected

2

under circumstances giving rise to an inference of unlawful discrimination.  Id. at *12-18.  Furthermore, the court found that, even assuming Weathers had made a prima facie case, Defendants had produced evidence of their legitimate, nondiscriminatory reasons for refusing to grant her tenure, including her extremely limited publication record and her failure to submit a timely promotion application.  Ultimately, Weathers failed to present evidence that race was a factor in the denial of her promotion and tenure.  Id. at *19-20.

The court granted Defendants' motion for summary judgment and dismissed the action.  Id. at *21.  The Fourth Circuit affirmed the judgment on September 29, 2011.  Weathers v. Univ. of N.C. at Chapel Hill, 447 F. App'x 508 (4th Cir. 2011).

On September 24, 2012, Weathers commenced the instant action against the same defendants, alleging that Defendants had committed a fraud on the court in Weathers I and seeking to have the judgment set aside pursuant to Federal Rule of Civil Procedure 60(d).  (Doc. 1.)  According to Weathers, she found documents among her files proving that Defendants misrepresented to the court that a set of departmental review procedures from 1996 was not in use, when in fact it was.  (Id.)

The court granted Defendants' motion to dismiss.  (Doc. 37); Weathers v. Univ. of N.C. at Chapel Hill, No. 1:12CV1059, 2013 WL 5462300 (M.D.N.C. Sept. 30, 2013) (hereinafter "Weathers

3

II"). In dismissing the case, the court noted that not all fraud is "fraud on the court" and found that, even accepting the allegations of fraud as true, Weathers had not met the "demanding standard" required to set a judgment aside. Weathers II at *2-3. Furthermore, the court found that refusing to alter Weathers I worked no "grave miscarriage of justice." Id. at *3. On the contrary, even if Weathers had been able to present evidence that the departmental review procedures from 1996 were in effect at the time of her tenure application, it would not have changed the judgment in Weathers I. Id. at *3-4. After all, Weathers I found deficiencies in three of four elements of Weathers' prima facie case; at most, the evidence in Weathers II would have established one additional element (the fourth). Id. at *4. Weathers' failure to provide evidence that she applied for and was qualified for tenure (the second and third elements, respectively) would have doomed her claims, regardless of the proffered evidence in Weathers II. Id.

In the present motion, Weathers seeks reconsideration of Weathers II pursuant to Federal Rule of Civil Procedure 59(e). She asserts that she has newly available evidence as to her qualifications for tenure: two affidavits from professors at universities other than UNC (Docs. 39-2, 39-3) and an affidavit from Weathers herself (Doc. 39-1). Defendants oppose the motion. (Doc. 44.)

**II. ANALYSIS**

"A Rule 59(e) motion may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)) (internal quotation marks omitted). Such a motion allows a district court to correct its own errors, but it does not serve as a vehicle for a party to raise new arguments or legal theories that could have been raised before the judgment. See Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Rule 59(e) is an "extraordinary remedy," to be used only "sparingly." Id.

Chiefly, Weathers asserts that the motion is merited because of new evidence (Docs. 39-1, 39-2, 39-3), but she also alleges errors of law (Doc. 41 at 5). She does not assert any change in controlling law. Although her motion is couched as a motion to amend Weathers II, what she actually seeks to amend is Weathers I. Her "new evidence" relates exclusively to her qualifications for tenure – an issue before the court in Weathers I, but not in Weathers II. She does not claim to have any new evidence as to Defendants' alleged fraud, which was the claim at issue in Weathers II. However, to the extent that

5

Weathers seeks to establish a "grave miscarriage of justice" warranting an alteration in the judgment of Weathers I, the court will consider her present motion. Weathers II at *3 (citing United States v. Beggerly, 524 U.S. 38, 47 (1998) ("[Under Rule 60,] an independent action should be available only to prevent a grave miscarriage of justice.")).

In the Fourth Circuit, the standard for relief on the basis of newly discovered evidence is the same under Rule 59 and Rule 60.[1] Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989). The party must demonstrate that

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

Id. (quoting Taylor v. Texgas Corp., 831 F.2d 255, 259 (11th Cir. 1987) (citations omitted)). This "high" standard is not concerned with whether the evidence was previously available to *the court*; it asks whether it was previously available to *the*

---

[1] Weathers' reliance on Fifth Circuit cases for the proposition that the standard under Rule 59 is less stringent than it is under Rule 60 is misplaced. (Doc. 41 at 2.) Whatever the law in the Fifth Circuit may be, the Fourth Circuit and its district courts have held repeatedly that the standard for newly discovered evidence is the same under Rule 59 and Rule 60. See, e.g., U.S. Fid. & Guar. Co. v. Lawrenson, 334 F.2d 464, 465 n.2 (4th Cir. 1964); France v. Zapata Haynie Corp., 946 F.2d 885 (4th Cir. 1991) (per curiam); Bagnal v. Foremost Ins. Grp., Civ. No. 2:09-CV-1474-DCN, 2011 WL 1235555, at *4 (D.S.C. Mar. 30, 2011).

6

*moving party*.  Quillin v. C.B. Fleet Holding Co., Inc., 328 F. App'x 195, 203 (4th Cir. 2009).

In support of her motion, Weathers asserts that the two "expert" affidavits (Docs. 39-2, 39-3) were not previously available to her because of the "incredibly close nature of the academic field of public health universities and the reluctance of individuals to come forward to challenge institutions like the Defendant UNC because of fears of reprisal." (Doc. 41 at 3-4.)  She states that "the Expert Affiants were motivated to testify only once this cause of action was dismissed because they, along with other potential witnesses, did not want to jeopardize their careers unless absolutely necessary to preserve the rights of Dr. Weathers." (Doc. 46 at 4.)  Yet, the cause of action to which these affidavits relate was dismissed on November 18, 2010, not September 30, 2013.  See Weathers I.  Her statements do not explain why she was unable to obtain the affidavits before the court issued Weathers II, when Weathers' qualifications had been at issue since the start of the Weathers I litigation in 2008.

As to the third affidavit (Doc. 39-1), it is Weathers' own. She provides no explanation for why the court should consider her own affidavit "newly discovered."

Even if the court considered the "expert" affidavits as "newly discovered evidence," they would not require the court to

7

amend the judgment in Weathers II, or Weathers I for that matter. The affidavits from Dr. Hector Balcazar (Doc. 39-2) and Dr. Patricia O'Campo (Doc. 39-3) speak only to Weathers' qualifications for promotion; Weathers still lacks evidence demonstrating that she actually applied for promotion. As the court found previously in Weathers I, the evidence shows that Weathers was notified of the application deadline eleven months before her promotion package was due, that she refused to supply a required list of names for references despite repeated requests and repeated deadline extensions from the chair of her department, and that she never submitted a promotion package of any kind on the deadline date. See Weathers I at *7-9. Instead, she submitted an incomplete promotion package over five months late through her attorney. Id. at *10.

Nothing in Dr. Balcazar's or Dr. O'Campo's affidavits alters the lack of evidence as to this element of Weathers' prima facie case. Because Weathers would not have been able to make a prima facie case even if she had submitted the evidence while Weathers I was pending, the evidence does not require this court to alter the judgment. Weathers II remains unchanged: There has been no grave miscarriage of justice requiring Weathers I to be set aside.

To the extent Weathers seeks reconsideration on the basis of errors of law in Weathers II (Doc. 41 at 5), the court has

reviewed the judgment and finds no clear error of law to correct and no manifest injustice to prevent.

**III. CONCLUSION**

For the reasons stated, the court finds that Weathers has not demonstrated that <u>Weathers II</u> should be reconsidered, either on the basis of new evidence or errors of law.

IT IS THEREFORE ORDERED that Weathers' motion to amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 39) is DENIED.

<u>   /s/    Thomas D. Schroeder</u>
United States District Judge

January 15, 2014